**UNITED STATES DISTRICT COURT**　　　**EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CRIMINAL ACTION NO. 4:14-CR-23 |
| | § | |
| GRADY DANE OVERMAN | § | |

### MEMORANDUM AND ORDER

Pending before the court is Defendant Grady Overman's ("Overman") *pro se* Motion to Correct a Clerical Error Pursuant to Federal Rules of Criminal Procedures Rule 36 (#51), wherein he seeks to have his "written judgment corrected to reflect the oral pronouncement." Having considered the pending motion, the record, and the applicable law, the court is of the opinion that the motion should be DENIED.

I.　　Background

On June 9, 2014, Overman pleaded guilty to two counts of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). On November 6, 2014, the court sentenced Overman to 97 months' imprisonment, followed by a 5-year term of supervised release, and ordered him to pay a $200.00 special assessment. Overman did not file a direct appeal. On June 10, 2019, Overman filed the present motion.

II.　　Analysis

Rule 36 of the Federal Rules of Criminal Procedure states that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. "A clerical error occurs when the court intends to do one thing, but through

clerical mistake or oversight does another." *United States v. Hathorn*, 551 F. App'x 227, 227 (5th Cir. 2014) (citing *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008)).

Rule 36 may not be used to make a substantive alteration to a criminal sentence. *See United States v. Illies*, 805 F.3d 607, 610 (5th Cir. 2015); *United States v. Spencer*, 513 F.3d 490, 492 (5th Cir. 2008). Thus, Rule 36 is an "appropriate vehicle for changes that do not substantively alter the orally announced sentence but instead correct errors in the written judgment." *Illies*, 805 F.3d at 610; *accord United States v. Bernardez-Avila*, No. 14-41317, 2015 WL 5004568, at *1 (5th Cir. Aug. 24, 2015). "If the in-court pronouncement differs from the judgment that later issues, what the judge said at sentencing controls." *United States v. Diggles*, 957 F.3d 551, 557 (5th Cir. 2020) (en banc); *accord United States v. Harris*, ___ F.3d ___, No. 18-40635, 2020 WL 3024534, at *5 (5th Cir. June 5, 2020); *see United States v. Brock*, 797 F. App'x 179, 180 (5th Cir. 2020) (quoting *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001)); *United States v. Ivy*, 735 F. App'x 151 (5th Cir. 2018). "This pronouncement rule applies to some supervised release conditions, but not all of them." *Diggles*, 957 F.3d at 557 (citing *United States v. Torres-Aguilar*, 352 F.3d 934, 936-38 (5th Cir. 2003)); *accord Harris*, 2020 WL 3024534, at *5. In *Diggles*, the United States Court of Appeals for the Fifth Circuit, sitting en banc, clarified previously inconsistent case law regarding the pronouncement of conditions of supervised release and held that "[i]f a condition is required, making an objection futile, the court need not pronounce it[, but] [i]f a condition is discretionary, the court must pronounce it to allow for an objection." 957 F.3d at 559. A court's oral adoption of recommended conditions set forth in a Presentence Report ("PSR") is sufficient pronouncement of the conditions and provides a defendant constitutionally adequate notice and opportunity to object. *Id.* at 560 (citing *United*

*States v. Bloch*, 825 F.3d 862, 872 (7th Cir. 2016)); *accord Harris*, 2020 WL 3024534, at *5; *see United States v. Rogers*, ___ F.3d ___, No. 19-4366, 2020 WL 2843474, at *6 (4th Cir. June 2, 2020).

Here, when pronouncing Overman's sentence, the court stated: "In addition, the defendant shall comply with the mandatory and special conditions set forth in the defendant's presentence report." The court also questioned Overman if he had read, discussed with his attorney, and understood the PSR, to which Overman replied in the affirmative. The court has reviewed the mandatory and special conditions outlined on pages 18 and 19 of Overman's PSR and compared them to the conditions outlined in the judgment. The conditions are identical. Thus, Overman has not identified a clerical error or asserted that "the court intended to do one thing but by mere[ ] clerical mistake or oversight did another." *Buendia-Rangel*, 553 F.3d at 379.

III.    Conclusion

Consistent with the foregoing analysis, Overman's Motion to Correct a Clerical Error Pursuant to Federal Rules of Criminal Procedures Rule 36 (#51) is DENIED.

SIGNED at Beaumont, Texas, this 8th day of June, 2020.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE